**Order Affirmed and Opinion Filed August 21, 2023**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00088-CV

**MICHAEL COMBS AND MICHAEL COMBS PROPERTIES, LLC,
Appellants
V.
DIANE CREPEAU AND LARI RENINGER, Appellees**

**On Appeal from the 68th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-03038**

# MEMORANDUM OPINION ON MOTION TO REVIEW ORDERS RELATING TO SUPERSEDEAS BOND

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Chief Justice Burns

Appellants ask the Court to review two orders relating to the supersedeas bond. Because we conclude the trial court did not abuse its discretion, we affirm the orders.

## Background

In the appealed judgment, the trial court awarded damages to appellees totaling $1,707,971.22. The trial court also imposed a constructive trust over the following assets in appellants' possession: (1) two homes; (2) cash in the amount

of $172,000; (3) a one-ounce gold coin; and (4) future benefit pension payments in the amount of $1,001 per month. Regarding the assets subject to the constructive trust, the judgment provides that they are "held subject to further order of this Court or transferred to the Plaintiffs in partial satisfaction of this Judgment at such value as agreed between the parties, or absent agreement, determined by this Court."

Following the judgment, appellees asked that the trial court to set the supersedeas bond in the amount of $847,113.70. Seeking a lower bond, appellants successfully argued, in part, that the assets being held in constructive trust should be excluded from their net worth. The trial court signed an order on March 7, 2023 setting the bond at $34,894.29.

When appellants did not post the supersedeas bond, appellees filed in the trial court, on April 10, 2023, a motion to require appellants to deposit the non-real property trust assets into the trial court's registry. In the motion, appellants stated that "to the extent that an order to deposit the trust assets into the registry of the Court for safekeeping is an increase in the security for the judgment, the Court has authority to increase the security pursuant to Tex. R. App. P. 24.3 which provides the trial court has continuing jurisdiction to order the amount and type of security and to modify the amount or type of security required." Following a hearing, the trial court signed an order on April 18th. In the order, the trial court found, in part, that the judgment provided that the trust assets were to be held "subject to further

–2–

Order of this Court or transferred to [appellees] in partial satisfaction of the Judgment" and that appellants had not superseded the judgment. The trial court ordered appellants to deposit into the trial court's registry: (1) $172,000; (2) the one-ounce gold coin; (3) $6,006, being the sum of the periodic pension payments made to appellants since the judgment was entered; and (4) $1,001 per month by the 15th day of each month beginning May 15, 2023. The order also provided that posting a supersedeas bond would not relieve appellants' obligations under the order.

Three days later, on April 21st, appellants deposited $34,894.29 with the district clerk. They also deposited into the trial court's registry the gold coin and $62,870.

Because appellants failed to fully comply with the April 21st order to deposit $179,007 into the court's registry, appellees filed, on May 19th, an amended motion to enforce the order by contempt or, alternatively, to increase the supersedeas bond. Following a hearing, the trial court signed an order on June 20th granting the motion and ordering the supersedeas bond "increased by $111,000 for a total amount of $145,895.29 pursuant to the Court's authority under Tex. R. App. P. 24.1 and 24.3." Appellants seek review of both the April 18th and June 20th trial court orders.

**Applicable Law**

A judgment debtor may supersede a judgment by posting a good and sufficient bond. TEX. R. APP. P. 24.1(a)(2). When the judgment is for money, the amount of the bond must equal the sum of compensatory damages awarded, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a); TEX. R. APP. P. 24.2(a)(1). The amount, however, cannot exceed the lesser of fifty percent of the judgment debtor's current net worth or $25,000,000. TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b); TEX. R. APP. P. 24.2(a)(1).

Even after its plenary power expires, a trial court has continuing jurisdiction to modify the amount and type of security required to suspend enforcement of the judgment if circumstances change. *See* TEX. R. APP. P. 24.3(a)(2). We may review the sufficiency or excessiveness of the amount of security and the type of security. *See id*. 24.4(a)(1) & (3). We review a trial court's ruling on the amount of a supersedeas bond for an abuse of discretion. *See G.M. Houser, Inc. v. Rodgers*, 204 S.W.3d 836, 840 (Tex. App.—Dallas 2006, no pet.).

**Discussion**

*April 18th Order*

Appellants first argue that by ordering money into the court's registry, the trial court is enforcing the judgment despite the fact that they posted a supersedeas bond. As support, appellants rely on *Senior Care Living VI, LLC v. Preston*

*Hollow Cap., LLC*, ___ S.W.3d ___, No. 01-21-00602-CV, 2023 WL 1112162, at *12 (Tex. App.—Houston [1st Dist.] Jan. 31, 2023). In *Senior Care*, the trial court, after determining that posting a supersdeas bond would cause Senior Care substantial economic harm, issued an order allowing the appointment of a post-judgment receiver pursuant to section 31.002 of the civil practice and remedies code to remain in effect. Noting that the appointment of a post-judgment receiver is a tool to aid judgment execution, the court of appeals concluded the trial court abused its discretion. *See id*. at *12–14. Appellants assert their situation is similar to that of the judgment debtor in *Senior Care*. However, unlike the appointment of a post-judgment receiver, directing money to be placed into the trial court's registry is not a judgment execution tool. Placing money into the court's registry is a means of keeping the money safe. In contrast, a *disbursement* of money held in a court's registry to a judgment creditor is a vehicle for enforcing a judgment. *See Kenseth v. Dallas Cnty.*, 126 S.W.3d 584, 598 (Tex. App.—Dallas 2004, pet. denied). Appellees correctly point out in their response to the motion that appellants mischaracterize the April order as one that allows enforcement and does not allow the judgment to be superseded. We conclude the trial court acted within its discretion in ordering that certain trust assets be placed in the trial court's register.

*June 20th Order*

Appellants also seek review of the trial court's June 20th order increasing the supersedeas bond. At the hearing, appellants argued that the trial court could not increase the amount of the supersedeas bond because there had been no change in circumstances. A change in circumstance occurs when the supersedeas amount becomes inadequate. *See Hibernia Energy III, LLC v. Ferae Naturae*, LLC, 668 S.W.3d 771, 779 (Tex. App.—El Paso 2022, no pet.) (change occurred when bond based on amount generated by an oil well and that well reached payout prompting reconsideration of bond amount); *Adams v. Godhania*, 635 S.W.3d 454, 461 n. 2 (Tex. App.—Austin 2021, pet. denied) (by increasing bond, trial court impliedly found that security posted had become inadequate to cover appellee's potential damages).

In their response, appellees assert that appellants, in successfully arguing that trust assets should be excluded from their net worth, told the trial court that they were holding those assets in a constructive trust and that those assets were not in any danger of loss or damage. Appellees identify the change in circumstance being appellants' assurance at the hearing setting the bond that the trust assets were safe from loss turning out to be false. When the trial court subsequently ordered appellants to place the trust assets into the court's registry for safekeeping, they were unable to fully comply. We agree with appellees that appellants' failure to keep the trust assets safe from loss is a changed circumstance permitting an

–6–

increase in the bond.  Accordingly, we conclude the trial court did not abuse its

discretion in increasing the amount of the supersedeas bond.

We affirm the trial court's orders.


                    /Robert D. Burns, III/

                    ROBERT D. BURNS, III
                    CHIEF JUSTICE

230088NF.P05